**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Sergio R.V.-P., | Case No. 26-cv-02361 (NEB/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*, Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*, David Easterwood, *Field Office Director of Enforcement and Removal Operations, Minneapolis - St. Paul Field Office, Immigration and Customs Enforcement*, and Ryan Shea, *Sheriff of Freeborn County, Minnesota*, | |
| Respondents. | |

This matter is before the Court on Petitioner Sergio R.V.-P.'s Petition for a Writ of

Habeas Corpus under 28 U.S.C. § 2241, filed on April 24, 2026. (Dkt. 2.) According to

the Petition, Petitioner is a citizen of Ecuador who has resided in the United States since

December 2020, although the exact date of his entry is unknown. (*Id.* ¶¶ 1, 2, 7, 25.) He

was initially detained on or about December 7, 2020, at which time he was issued a

notice to appear and placed in full removal proceedings under 8 U.S.C. § 1229a. (*Id.* ¶ 2;

Dkt. 2-2 (Ex. B).) The Petition further alleges that on January 7, 2021, after a custody

redetermination, Petitioner was released on bond pursuant to 8 U.S.C. § 1226(a). (Dkt. 2

¶¶ 3, 13; Dkt. 2-3 (Ex. C).) The Petition alleges that "Petitioner has lived peaceably in

Minnesota" for the past six years, but on April 9, 2026, was detained by Immigration and Customs Enforcement ("ICE") and has been in ICE custody since that date. (Dkt. 2 ¶ 7.) According to the Petition, the Department of Homeland Security ("DHS") is taking the position that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225 notwithstanding the fact that Petitioner was previously released on bond pursuant to 8 U.S.C. § 1226. (*Id.* ¶¶ 11, 55.) The Petition alleges that Petitioner is presently being held at Freeborn Adult Detention Center in Albert Lea, Minnesota. (*Id.* ¶ 10.)

Petitioner makes several arguments for his release. First, he argues that because he was previously ordered released on bond pursuant to § 1226, the Government violated his right to procedural due process under the Fifth Amendment when it failed to provide him with notice and an opportunity to be heard prior to or, at minimum, promptly upon being re-arrested and having his bond revoked without notice or a bond revocation hearing. (*See, e.g., id.* ¶¶ 13-14, 56, 63, 143-148.) Because his detention lacks a lawful predicate, Petitioner asserts that release is the appropriate remedy. (*Id.* ¶ 71.) In the alternative, Petitioner argues that due process requires he receive a hearing promptly after his re-detention, at which hearing the Government bears the burden of proving by clear and convincing evidence that he presents a danger to the community or a flight risk. (*Id.* ¶¶ 69-70, 73.) Petitioner concedes that if the relevant due process violation occurred after Petitioner's detention, when his bond hearings were conducted in an untimely manner or without proper procedural protections, the violation might be cured by something other than release, such as an appropriate bond hearing. (*Id.* ¶ 72.) However,

Petitioner contends that his arrest and conviction on August 3, 2024, while he was free on bond, does not necessarily justify revocation of his bond. (*Id.* ¶ 83.)

Petitioner also argues that his detention by Respondents violates the Immigration and Nationality Act ("INA") 8 U.S.C. §§ 1226(a), 1236.1(d). (*Id.* ¶¶ 138-42.) He argues that any application of 8 U.S.C. § 1225(b)(2) to him is unlawful since Petitioner was previously released on bond pursuant to § 1226(a). (*Id.* ¶ 139-40.) He also argues that Respondents violated § 1236.1(d) by re-detaining him without issuing a notice of bond revocation, without providing any explanation, and without issuing Form I-323 informing his obligor of their appeal rights. (*Id.* ¶ 141.) Petitioner requests that the Court declare his re-detention and continued detention unlawful due to this violation of the INA and order his immediate release, or alternatively, order a prompt hearing before a neutral decisionmaker to determine whether changed circumstances warrant revocation of his bond based on danger to the community and flight risk. (*Id.* ¶ 142.)

In addition, Petitioner contends that his detention by Respondents violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), as they revoked his release on bond and re-detained him without articulating a rationale for their actions. (*Id.* ¶¶ 130-37.)

On April 27, 2026, this Court issued an Order requiring Respondents to file their answer no later than May 11, 2026, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this

case.  (Dkt. 4 at 1 ¶ 1.)[1]  In addition, this Court required that Respondents' answer include "affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention."  (*Id.* at 1-2 ¶ 2(a).)  The Court also gave Petitioner until May 18, 2026 to file a reply in support of his Petition.  (*Id.* at 2 ¶ 3.)

On May 11, 2026, Respondents filed a Response along with a Declaration of a Deportation Officer and supporting exhibits.  (Dkts. 6, 7, 7-1 (Ex. A) to 7-7 (Ex. G).)  Petitioner filed his reply on May 18, 2026.  (Dkt. 8.)  The case is now ripe for decision.

## I.    FACTS

"Respondents do not dispute the salient facts alleged in the Petition."[2]  (Dkt. 6 at 2.)  Petitioner is a citizen of Ecuador who entered the United States in December 2020.  (Dkt. 2 ¶¶ 1, 25; Dkt. 6 at 2.)  DHS initially took Petitioner into custody on December 7, 2020.  (Dkt. 2-1; Dkt. 6 at 2.)  That same day, Petitioner was issued a notice to appear and placed in full removal proceedings pursuant to 8 U.S.C. § 1229a as an alien present in the Unites States without being admitted or paroled.  (Dkt. 2-2 (Ex. B) at 1; Dkt. 7-7 (Ex. G).)  On January 7, 2021, an Immigration Judge granted Petitioner's request for a custody redetermination and Petitioner was released on bond under I.N.A. § 236(a), 8 U.S.C. 1226(a), which allows the Attorney General to release a noncitizen from custody

---

[1]    Page number citations in this Report and Recommendation are to the CM/ECF pagination.

[2]    As to the Petition, Respondents state in their Response: "Any facts that are not specifically admitted herein are denied."  (Dkt. 6 at 1.)  Given that Respondents also "do not dispute the salient facts alleged in the Petition" (*id.* at 2), Respondents' attempt at a general denial has little to no weight, particularly where they offered no evidence rebutting the factual allegations in the Petition.

on "bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General."  (Dkt. 2 ¶ 3; Dkt. 2-3 (Ex. C); Dkt. 7-6 (Ex. F).)[3] On January 11, 2021, Petitioner posted bond and was released from ICE custody.  (Dkt. 7-1 (Ex. A) at 2.)

On November 1, 2022, Petitioner filed a Form I-589 Application for Asylum and Withholding of Removal with the Fort Snelling Immigration Court.  (Dkt. 2-4 (Ex. D).) Petitioner has a valid work permit based upon his pending asylum application.  (Dkt. 2 ¶ 26.)

In August 2024, Petitioner was charged with fourth-degree DWI and refusal to submit to a chemical test, both misdemeanors.  (Dkt. 7-2 (Ex. D) at 7.)  He pleaded guilty to fourth-degree DWI, the other count was dismissed, and he received a stayed sentence of 90 days on June 23, 2025.  (*Id.* at 8-9.)  Petitioner has no other criminal history based on the record before the Court.  (Dkt. 2 ¶ 26.)

On March 20, 2026, a DHS Bond Control Specialist sent to Petitioner's obligor a Notice to Obliger to Deliver Alien, ICE Form I-340, demanding the following: "Under the terms of the Delivery Bond you posted for the alien above, Immigration and Customs

---

[3]    Petitioner objects to Respondents' exhibits on the basis that they constitute hearsay.  (Dkt. 8 at 29-32.)  While the Federal Rules of Evidence apply to habeas proceedings (*see* Fed. R. Evid. 1101), the declarant (Deportation Officer Christopher A. Campbell) states under penalty of perjury that the exhibits are true and correct copies of documents that are kept in the regular course of business by DHS/ICE.  (Dkt. 7 ¶¶ 4-7.) As such, the attached exhibits are exceptions to the hearsay exclusionary rule under Rule 803(6).  *See Hernandez-Pacheco v. Fisher*, No. CIV. 10-2088 JRT/TNL, 2011 WL 4929417, at *3 (D. Minn. Sept. 12, 2011) (citing Fed. R. Evid. 803(6)), *R. & R. adopted,* 2011 WL 4808187 (D. Minn. Oct. 11, 2011).

Enforcement (ICE) is making a demand upon you to deliver the alien or have the alien appear at the location below[.]" (Dkt. 2-5 (Ex. E); Dkt. 7-3 (Ex. C).) The form stated that Petitioner must be delivered or appear on April 9, 2026 at the Bishop Henry Whipple Federal Building. (Dkt. 7-3 (Ex. C).) The form had two potential purposes for Petitioner's appearance: "Interview" and "Removal." (*Id.*) The form requiring Petitioner's appearance checked only the "Interview" box. (*Id.*)

On April 9, 2026, Respondents re-detained Petitioner when he appeared for his interview. (Dkt. 2 ¶ 27.) Petitioner is currently in removal proceedings. (*Id.*) The Form I-213 Record of Deportable/Inadmissible Alien, dated April 16, 2026, states that Petitioner reported "per bond demand," was "taken into custody without incident at 9:20 a.m.," and that "[r]ecord checks revealed that the subject was convicted of DWI on June 23, 2025, which violated his bond and release." (Dkt. 7-1 (Ex. A) at 2.)

## II.    LEGAL STANDARD

A federal court may provide habeas relief to a person who is detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). "The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus extends to immigration-related detention." *Diego L., v. Bondi, et al.*, No. 26-CV-382 (JMB/DJF), 2026 WL 145206, at *2 (D. Minn. Jan. 20, 2026) (citation modified). Petitioner has the burden of proving his entitlement to relief by a preponderance of the evidence. *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025).

### III.    ANALYSIS

As stated above, Petitioner seeks immediate release, or in the alternative, that he be provided with a bond hearing pursuant to 8 U.S.C. § 1226(a).  (Dkt. 2 at 42.) In *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), a divided panel of the Eighth Circuit Court of Appeals approved of DHS's interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A).  *See Avila*, 170 F.4th at 1136.  Previously, the majority of courts within this District concluded that § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while § 1226(a), which allows for an individual's release on bond, applied to those apprehended already in the country.  *See Martin R. v. Bondi*, No. 26-CV-168 (JMB/LIB), 2026 WL 115024, at *2 (D. Minn. Jan. 15, 2026) ("Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are 'inadmissible' because they entered the United States without inspection.").

However, *Avila* is not dispositive as to the facts and procedural posture of this matter.  This is because in their response, Respondents concede that § 1226(a), and not § 1225, applies to Petitioner:[4]

---

[4]    A court may hold the Government to its representation that it detained Petitioner under § 1226(a).  *See Jose J.O.E.*, 797 F. Supp. 3d at 969-70 ("Respondents maintain that Jose was detained under § 1225(b).  The problem is, Respondents point to no record evidence suggesting that Jose was arrested and detained under § 1225.  Jose was arrested on a warrant pursuant to § 1226, and detained under authority of § 1226 and its implementing regulations.  Of course, available litigation procedures enable a party to

**Section 1226 is the pre-removal provision applicable to Petitioner's case** and generally governs the process of arresting and detaining aliens pending their removal proceedings. *Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018). Section 1226 provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Under § 1226(a), when detention is not mandatory, DHS may either continue to detain the alien or release the alien on bond or conditional parole. *Id.*

**When an alien is detained under 8 U.S.C. § 1226(a), as is the case here**, immigration officials make an initial custody determination, including a decision about release on bond. 8 C.F.R. § 1236.1(d). If the alien objects to the initial custody decision, including any bond determination, the alien may request a bond redetermination hearing before an immigration judge. *Id.* The immigration judge may "exercise the authority" under the statute to "detain the alien in custody, release the alien, and determine the amount of bond, if any," under which the alien may be released. *Id.*; *see Jennings*, 138 S. Ct. at 837. After a decision has been rendered, the alien may request review by the field office director of the conditions of release or may appeal the bond determination to the BIA. 8 C.F.R. § 1236.1(d)(2)-(3).

At a custody redetermination hearing before an immigration judge, the alien bears the burden of justifying discretionary release by showing that he is neither a flight risk nor a danger to the community. *See Matter of Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006). The immigration judge then decides whether to release the alien or modify any release conditions based on factors pertinent to danger and flight risk. *Id.* at 40. Here, Petitioner is well accustomed to this process, since he posted bond to secure his release.

Despite his familiarity with the bond process under 1226, Petitioner failed to request a bond hearing here, a failure to his requested relief. "A person seeking habeas relief must first exhaust available administrative remedies." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (per curiam). Here, the

---

change its position after a case is commenced. In civil cases, for example, parties may amend their pleadings. *See* Fed. R. Civ. P. 15. Here, Respondents do not argue that they exercised some available procedural right to change the legal basis of Jose's arrest and detention. Nor do Respondents cite authority supporting the idea that they possessed that unilateral right.") (citation modified), *appeal dismissed sub nom. Escalante v. Bondi*, No. 25-3126, 2025 WL 4698552 (8th Cir. Dec. 5, 2025); *see also see also Adonay A.R.R. v. Bondi*, No. 26-cv-1071-JWB-DJF (D. Minn. Feb. 9, 2026) (Dkt. 8 at 6) (stating Government may not simply "toggle between [the] detention regimes" set forth in §§ 1225 and 1226 as they are "not . . . interchangeable sources of detention authority").

proper remedy for Petitioner's detention-related challenge is a bond hearing before the Immigration Court under § 1226(a), followed by administrative review before the BIA if necessary. Federal Respondents do not oppose Petitioner pursuing that process. But Petitioner failed to request a bond hearing prior to filing for habeas relief and does not request a bond hearing in this action.

(Dkt. 6 at 4-5 (emphases added).)  Given these representations by Respondents, Petitioner argues that because he was detained under 8 U.S.C. § 1226(a), he may not be arrested and detained absent a warrant.  (Dkt. 8 at 22-25.)  Petitioner further argues that because he was not given notice or cause of arrest and detention nor has the Government produced an arrest warrant, his detention is unlawful and the Court should order his release.  (*Id.* at 25-27.)

Section 1226 provides in relevant part:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

   (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

   (B) conditional parole; but

(3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

9

(b) Revocation of bond or parole

> The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien.

8 U.S.C. § 1226(a)-(b).

Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). "Depriving [Petitioner] of his right to a bond hearing—a protection to which federal regulations plainly entitle him—strikes at the heart of his due process right to be free of arbitrary detention." *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *4 (D. Minn. Apr. 30, 2026) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.")).

As set forth above, Respondents concede that § 1226(a) applies, but instead argue that Petitioner failed to request a bond hearing here, and that a person seeking habeas relief must first exhaust all available administrative remedies. (Dkt. 6 at 5.) The concept of exhaustion for § 2241 petitions is judicially created, not mandated by statute, and "sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *see also Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (holding that failure to exhaust does not prevent courts from deciding case where "exhaustion prerequisite for

10

filing a [§ 2241 petition] is judicially created, not jurisdictional"). There are numerous problems with Respondents' argument. First, they contend that "Petitioner failed to request a bond hearing prior to filing for habeas relief and does not request a bond hearing in this action." (Dkt. 6 at 5.) The second part of this statement is false. The Petition "respectfully requests that this Court declare his re-detention unlawful and grant him a Writ of Habeas Corpus, as well as order Respondents to immediately release him from custody, **or alternatively, order an individualized bond hearing**." (Dkt. 2 ¶ 15 (emphasis added).) In any event, given Respondents' concession that § 1226 applies and representation that Petitioner is entitled to a bond hearing (Dkt. 6 at 4-6), Petitioner's request for a bond hearing if he is not ordered released (Dkt. 2 ¶ 15), and the due process considerations at stake, the Court will not dismiss the Petition based on a failure to exhaust.

Having concluded that Petitioner is subject to discretionary detention under § 1226(a), the Court next considers the appropriate remedy in light of Petitioner's request that he be released because he was not detained pursuant to a warrant. The Court agrees with the numerous cases in this District that have held that an arrest warrant is a prerequisite for detention under 8 U.S.C. § 1226(a). *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases) (noting that issuance of a warrant is a necessary condition to justify detention under § 1226(a)); *Joaquin Q. L., v. Bondi*, No. 26-CV-233 (LMP/DTS), 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (same); *Edwin C. R.*, No. CV 26-00355 (MJD/JFD), 2026 WL 185068, at *2 (D. Minn. Jan. 25, 2026) (same); *see also* 8 U.S.C. § 1226(a) ("**On a**

**warrant** issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)); *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) ("Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'").

Respondents have not offered any evidence to the Court that they attempted to satisfy the warrant requirement of § 1226(a) or that there was an original warrant when Petitioner was initially detained in December 2020 for the purposes of § 1226(b).[5] *See generally*, *Marufov v. Hagan*, No. 26-CV-00970-CYC, 2026 WL 1030424, at *3 (D. Colo. Apr. 16, 2026) ("The petitioner's unauthorized 'reply' ignores 8 U.S.C. § 1226(b) and states that '[t]he 2024 warrant was not valid for re-detention, and no new warrant or notice of revocation was issued, the August 2025 arrest was warrantless and "statutorily unauthorized." But in [the case cited by the petitioner], there was no warrant at all. Here, there was a warrant, and the language of the statute allows the Attorney General to 'rearrest the alien under the original warrant and detain the alien.' 8 U.S.C. § 1226(b). As a result, the petitioner's argument for immediate release does not sway the Court.") (citation modified); *Latacunga v. Dedos*, No. 26-CV-00312 JB/JFR, 2026 WL 948865, at

---

[5]    Respondents argue that they followed the appropriate regulatory and statutory authority by taking Petitioner into custody by issuing an I-340 Form demand notice. (Dkt. 6 at 6.)  However, this argument ignores the warrant requirement.  It also ignores the fact that the I-340 Form stated Petitioner must be produced or appear for purposes of an "Interview" (rather than removal or detention).  (Dkt. 2-5.)

*16 (D.N.M. Apr. 8, 2026) ("Here, no evidence in the record indicates that any such official chose to exercise their discretion to revoke Petitioner's OREC.  That alone is sufficient to find that proper procedure was not followed in effectuating Petitioner's arrest.  Moreover, the record clearly shows that Petitioner was arrested without a warrant, rather than pursuant to his original warrant of arrest.  Consequently, Respondents' re-detention of Petitioner violates both his statutory rights under the INA and his procedural due process rights.  The Court thus recommends that the Petition be granted as to Counts I and III." (citation modified)).

"Accordingly, immediate release is the appropriate remedy."  *Pedro L., v. Lyons*, No. 26-CV-00707 (MJD/ECW), 2026 WL 295386, at *4 (D. Minn. Feb. 1, 2026) *R. & R. adopted*, 2026 WL 303268 (D. Minn. Feb. 4, 2026); *see also Latacunga*, 2026 WL 948865, at *16 ("The proper remedy here is immediate release."); *Marlon S.T.L. v. Bondi*, No. 26-665 (DWF/LIB), 2026 WL 251975, at *2 (D. Minn. Jan. 30, 2026) ("A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detainment." (citing 8 U.S.C. § 1226(a))); *see also Adriano L.V. v. Noem*, No. 26-CV-269 (MJD/DJF), 2026 WL 184570, at *3 (D. Minn. Jan. 18, 2026) ("The warrant requirement should not come as a surprise to Respondents, since it is plainly in the text of Section 1226(a), and it has been the basis for several orders for the immediate release of other, similarly situated, petitioners in this District."), *R. & R. adopted*, 2026 WL 194401 (D. Minn. Jan. 23, 2026)); *Edwin C. R.*, 2026 WL 185068, at *2 (ordering immediate release where respondents failed to identify a valid statutory basis for detention including by failing to satisfy the warrant requirement of § 1226(a));

*Alberto C.M. v. Noem*, 817 F. Supp. 3d 735, 739 (D. Minn. 2026) ("The proper remedy for this kind of violation is release from custody, not a bond hearing."); *Ahmed M.*, 2026 WL 25627, at *3 (collecting cases).  Consequently, the Court recommends that the Petition be granted insofar as Respondents be ordered to immediately release Petitioner.[6]

Given the Court's recommendation for release based on Respondents' failure to satisfy the warrant requirement (which the Response does not mention), the Court finds that an exigency requires a shorter period for objections to this Report and Recommendation and responses to those objections.  Consequently, pursuant to its inherent authority and Local Rule 72.2(a)(1), the Court sets a 7-day expedited deadline for objections to this Report and Recommendation and responses to those objections.  *See* D. Minn. LR 72.2(a)(1) ("A party may file and serve objections to the order within 14 days after being served with a copy, **unless the court sets a different deadline**.") (emphasis added); *see also United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) ("We also reject appellant's suggestion that the trial court erred in allowing appellant less than the full 10-day period provided by 28 U.S.C. s 636(b)(1) to file objections to the magistrate [judge]'s recommendation that the motion to suppress evidence and the motion to dismiss be denied.  Ten days is a maximum, not a minimum.[7]  The court may

---

[6]  Because there is "appropriate habeas relief available under 28 U.S.C. § 2241, the Court finds it unnecessary to engage in extended analysis of the remaining claims in the petition at this time, including any request for relief under the APA." *Belsai D.S. v. Bondi*, 810 F. Supp. 3d 1016, 1020 (D. Minn. 2025).

[7]  Rule 72 set a 10-day period for objections as of the date of *Barney's* issuance.  *See* Fed. R. Civ. P. 72, Advisory Committee Notes (2009).

14

require a response within a shorter period if exigencies of the calendar require, as they did in this instance."), *cert. denied*, 435 U.S. 955 (1978); *Harper v. Everson*, Case No. 3:15-CV-00575-JHM, 2016 WL 8201785, at *9 (W.D. Ky. June 27, 2016) ("Although [Rule 72(a) of the Federal Rules of Civil Procedure] provides for filing objections within 14 days of being served with a copy of the order, the Court exercises its inherent authority to shorten this time period to 7 days given the expedited nature of the discovery and the impending September 15-16 date for the preliminary injunction hearing.") (collecting cases); *Sabal Trail Transmission, LLC. v. 7.72 Acres in Lee Cnty.*, No. 3:16-CV-173-WKW, 2016 WL 10789585, at *1 (M.D. Ala. June 6, 2016) ("28 U.S.C. § 636(b)(1)(C) does provide a normal objections period of fourteen days to a magistrate judge's report and recommendation.  However, where exigencies exist, a court may shorten the time for filing objections.") (collecting cases).  Any objections to this Report and Recommendation are due on **June 5, 2026**.  Responses to objections are due on **June 12, 2026**.

## IV.    RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT** the Petition (Dkt. 2) be **GRANTED** insofar as:

1.    Petitioner's current detention be declared unlawful under the Constitution and laws of the United States;

2.    Respondents be ordered to immediately release Petitioner from custody in Minnesota and, in any case no later than 11:00 a.m. Central Time on the day following an Order adopting this Report and Recommendation;

15

3.     Respondents be ordered to coordinate Petitioner's release with Petitioner's counsel;

4.     Respondents be ordered to release Petitioner with all personal documents and belongings, such as his driver's license, employment authorization, passport, other immigration documents, cell phone, and coat and other outerwear, and without any conditions of release, such as ankle monitors or tracking devices, where Respondents' inability to immediately comply with this requirement shall not be a basis for delaying Petitioner's release; and

5.     Respondents be required within 72 hours after issuance of an Order adopting this Report and Recommendation to provide the Court with a status update confirming Petitioner's release and other compliance with the Order.

Dated: May 29, 2026

s/ *Elizabeth Cowan Wright*
Elizabeth Cowan Wright
United States Magistrate Judge

16

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. **The Court modifies this deadline such that objections are due on or before June 5, 2026.** *See* D. Minn. LR 72.2(a)(1) ("A party may file and serve objections to the order within 14 days after being served with a copy, unless the court sets a different deadline."); *see also Barney*, 568 F.2d at 136; *Harper*, 2016 WL 8201785, at *9; *Sabal Trail Transmission*, 2016 WL 10789585, at *1. **Responses to objections are due on or before June 12, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

17