**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SERGIO R.V.-P.,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, DAVID EASTERWOOD, Field Office Director of Enforcement and Removal Operations, Minneapolis - St. Paul Field Office, Immigration and Customs Enforcement, and RYAN SHEA, Sheriff of Freeborn County, Minnesota

Respondents.

Case No. 26-CV-2361 (NEB/ECW)

ORDER ON MOTION FOR ATTORNEYS' FEES

---

The Court granted Petitioner's habeas petition and ordered his immediate release from custody. (ECF No. 11.) Now Petitioner moves for $7,202.06 in attorneys' fees and $14.10 in costs under the Equal Access to Justice Act. (ECF No. 14.) The Court grants the motion.

The Court first considers whether the EAJA waives sovereign immunity for habeas actions like Petitioner's. Respondents assert that habeas petitions challenging immigration detention are not civil actions under the EAJA, meaning that Congress has not waived its sovereign immunity. There is a circuit split on this issue. *Compare Vacchio v. Ashcroft*, 404 F.3d 663 (2d Cir. 2005), *Michelin v. Warden of Moshannon Valley Corr. Ctr.*, 169 F.4th 418 (3d Cir. 2026), *petition for cert. filed*, (U.S. July 30, 2026) (No. 26-145), *and Daley*

*v. Ceja*, 158 F.4th 1152 (10th Cir. 2025), *petition for cert. filed*, (U.S. July 30, 2026) (No. 26-146), *with Obando-Segura v. Garland*, 999 F.3d 190 (4th Cir. 2021), *and Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023). And the United States Supreme Court recently granted a petition for writ of certiorari to resolve the question. *Palacios v. Liggins*, --- S. Ct. ---, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026).

Although the Eighth Circuit has not yet weighed in, it has assumed that habeas petitions challenging immigration detention are civil actions under the EAJA. *Bah v. Cangemi*, 548 F.3d 680, 684–85 (8th Cir. 2008) ("The civil action in which Bah had prevailed was his petition for a writ of habeas corpus . . . ."); *see Sao V. v. Mullin*, No. 26-CV-2520 (ECT/JFD), slip op. at 3–4 (D. Minn. Aug. 10, 2026), ECF No. 30. And this assumption makes sense: The EAJA's text unambiguously applies to "any civil action (other than cases sounding in tort)," and a habeas action is a civil action. 28 U.S.C. § 2412(d)(1)(A). It is true that in certain situations, courts do not categorize habeas actions as civil actions, but "those situations are the exceptions, not the rule." *Michelin*, 169 F.4th at 424. Thus, the Court proceeds under the principle that this habeas action is a civil action under the meaning of the EAJA. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, the Court shall award attorneys' fees to a prevailing party in a civil action unless the government's position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position." *Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam). The requested attorneys' fees must be reasonable. 28 U.S.C. § 2412(d)(2)(A).

Because the Court granted Petitioner's habeas petition, he is the prevailing party. (ECF No. 11.) The burden shifts to Respondents to show that their position was substantially justified. To be substantially justified, the position must have "a reasonable basis in law and fact," but it "need not be correct." *Bah*, 548 F.3d at 683–84 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). Respondents defer to the Court regarding substantial justification: They make no argument on their own behalf. (ECF No. 18 at 8–9.) Their position was not substantially justified. Respondents conceded that 8 U.S.C. Section 1226(a) applied to Petitioner, and Section 1226(a) entitles Petitioner to a bond hearing. (ECF No. 9 at 8.) Respondents contended that Petitioner did not get a bond hearing because he did not ask for one, even in his Petition. (*Id.* at 8–9; *cf. id.* at 11 (quoting the Petition which requests a bond hearing).) United States Magistrate Judge Elizabeth Cowan Wright rejected Respondents' reasoning as a basis to deny the Petition. (*Id.* at 11.) Instead, Judge Wright recommended immediate release because Respondents detained Petitioner without a warrant. (*Id.* at 11–14.) Respondents did not object to Judge Wright's recommendation, and the Court accepted the Report and Recommendation. (ECF No. 11.) Respondents position—that they lawfully detained Petitioner without a warrant or bond hearing—is not substantially justified. The Court does not dispute that in certain circumstances, Respondents may not need a warrant, or may detain without a bond hearing, but not on this record.

The Court next determines whether the requested attorneys' fees are reasonable. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[1]

[1] The parties debate whether Petitioner's net worth exceeds the statutory maximum of $2,000,000 for EAJA applicants. 28 U.S.C. § 2412(d)(2)(B). Without any evidence

*Rate*. Counsel and support staff's hourly rates are $267.36 and $82.70, respectively. (ECF No. 14-3.) While the EAJA caps the statutory hourly rate at $125, it permits an increase if the court determines that the cost of living warrants a higher fee. 28 U.S.C. § 2412(d)(2)(A). The requested rates are reasonable given the increase in the cost of living and prevailing market rate. *Matthew D. v. O'Malley*, No. 22-CV-276 (NEB/ECW), 2024 WL 665920, at *2 (D. Minn. Feb. 16, 2024); (ECF No. 14-4 at 1; *id.* at 3 (consumer price index justifying increase in rate); ECF No. 14-2 ¶ 9 ("The market rate for my services would be $532 to $1,019 per hour."); *id.* ¶ 10.)

*Time*. Counsel and support staff spent 24.75 and 7 hours on this litigation, respectively. (ECF No. 14-3.) This amount of time is reasonable. (ECF No. 14-2 ¶¶ 7, 10); *Ibrahim v. Barr*, No. 18-CV-1883 (PAM/BRT), 2019 WL 1487850, at *3 (D. Minn. Apr. 4, 2019) (awarding attorneys' fees for twenty hours of work on a habeas petition challenging immigration detention). The Court awards the requested attorneys' fees of $7,202.06.

*Costs*. Filing fees are recoverable under the EAJA, so the Court also awards the requested $14.10 in costs. 28 U.S.C. § 2412(a)(1).[2]

---

undermining Petitioner's representation that his net worth does not exceed the statutory maximum, *cf. Mantle Ranches v. United States Park Serv.*, 993 F. Supp. 1335, 1337 (D. Colo. 1998), that representation is sufficient. (ECF No. 14 at 11; ECF No. 15 ¶ 3.)

[2] Respondents object that Petitioner does not include a declaration that he actually incurred any attorneys' fees. (ECF No. 18 at 11.) But Petitioner included a declaration that assigns his rights to attorneys' fees to his attorney. (ECF No. 14-5.)

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's Motion for Attorneys' Fees (ECF No. 14) is GRANTED; and

2. Petitioner is AWARDED reasonable attorneys' fees of $7,202.06 and $14.10 in costs, totaling $7,216.16, as authorized by 28 U.S.C. Section 2412(d).

Dated: September 2, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge