**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SERGIO R.V.-P.,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, DAVID EASTERWOOD, Field Office Director of Enforcement and Removal Operations, Minneapolis-St. Paul Field Office, Immigration and Customs Enforcement, and RYAN SHEA, Sheriff of Freeborn County, Minnesota,

Respondents.

Case No. 26-CV-2361 (NEB/ECW)

ORDER ON MOTION TO ENFORCE JUDGMENT

---

Petitioner Sergio R.V.-P. originally filed his Petition for Writ of Habeas Corpus on April 24, 2026. (ECF No. 1.) He argues that his then-detention by Respondents was unlawful because Respondents detained him under 8 U.S.C. § 1226(a) without a warrant. (ECF No. 9, at 9.) Magistrate Judge Elizabeth Cowan Wright agreed and recommended for his immediate release. (*Id.* at 15–16.) This Court adopted the report and recommendation on June 15, 2026. (ECF No. 11). Respondents released Sergio R.V.-P. promptly later that day (ECF No. 13.)

Now, Sergio R.V.-P. brings a motion to enforce the Court's June 15, 2026 Order. (ECF No. 24.) The motion states that on October 24—four months later—Sergio R.V.-P. was arrested and charged with DWI in Anoka County. (*Id.* ¶ 7.) The Anoka County court

subsequently released him on a $12,000 bond. (*Id.*) Sergio R.V.-P. posted bond, but Respondents immediately detained him without a warrant and without the necessary analysis required by statute. (*Id.*) Sergio R.V.-P. believes Respondents "violated the Court's release order" and seeks this Court's intervention for his immediate release. (*Id.* ¶ 10, 21.) He also seeks this Court to enjoin Respondents from re-detaining Petitioner and to hold Respondents in contempt of court. (*Id.* ¶¶ 14, 19.)

The Court declines to do so. Whatever the merits of this new warrantless arrest claim, there is no dispute that Respondents complied with the Court's June 15, 2026 Order. (ECF No. 13.) Sergio R.V.-P. remained free for four months until his DWI incident. This case echoes *Abelardo M.-G. v. Easterwood*, No. 26-CV-3479 (LMP/SGE), ECF No. 19, at 3–4 (D. Minn. Oct. 2, 2026). There, the Court granted Petitioner's habeas petition, and Respondents released him. *Id.* at 1–2. Respondents re-detained Petitioner five weeks later, and he brought an emergency motion to enforce judgment. (*Id.* at 2.) The Court denied that motion because "[t]here is no basis on which the Court could conclude that the Government did not 'meaningfully release' [petitioner]." *Id.* at 3. Same situation here. Respondents did comply with the Court's order, and there is nothing left for the Court to enforce. Sergio R.V.-P. may elect to pursue a new habeas petition challenging his detention, but a motion to enforce an old judgment is not the proper vehicle.

For these reasons, and based on all the files, records, and proceedings herein, IT IS HEREBY ORDERED that Petitioner Sergio R.V.-P.'s Motion to Enforce Judgment (ECF No. 24) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: November 9, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge